UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| DONALD GILBERT BRADLEY, JR. ) | |
| ) | |
| ) | No. 2:07-CV-93 |
| v. ) | No. 2:04-CR-01 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

# MEMORANDUM OPINION

Donald Gilbert Bradley, Jr. ("Bradley" or "petitioner") has filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 *U.S.C.* § 2255. Petitioner was convicted, following a conditional plea of guilty, of bank robbery in violation 18 *U.S.C.* § 2113. The judgment was entered on September 15, 2004, and a direct appeal was filed by the defendant. On December 21, 2005, the Sixth Circuit Court of Appeals affirmed the District Court's order denying the defendant's motion to suppress certain evidence and affirmed the defendant's sentence. The mandate of the Sixth Circuit Court of Appeals was filed on January 19, 2006. A petition for writ of certiorari was filed in the United States Supreme Court on March 21, 2006, and was denied on April 24, 2006. Bradley then timely

filed the instant motion. [1]

No government response has been ordered in this case and none is required. Rule 4 of the Rules Governing § 2255 Proceedings For The United States District Courts provides for summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, . . ." The Court has determined that the files and records of the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, for the reasons which follow, the petitioner's motion pursuant to § 2255 lacks merit and will be DENIED.

I. **Facts**

The petitioner entered a plea of guilty, pursuant to a Rule 11 plea agreement, to a one count indictment charging him with bank robbery by force, violence and intimidation of the Bank of Tennessee located in Jonesborough, Tennessee in violation 18 *U.S.C.* § 2113(a). An agreed factual basis was filed in support of the plea agreement which states, in pertinent part:

> Bradley went into the bank and leapt across a counter
> into an employee-only area of the bank. He told a teller
> "give me your money," or words to that effect. Bradley
> also stated "I don't have a gun" but added "don't sound

---

[1] Although filed on April 30, 2007, the record establishes that Bradley's notice was deposited with prison authorities for mailing on April 24, 2007.

the alarm," or words to that effect. After apparently not obtaining the quantity of money he expected from one teller drawer, Bradley told a teller "I know you have more money, where's the money- - - no one's gonna get hurt," or words to that effect.

II. **Standard of Review**

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 *U.S.C.* § 2255.

To warrant relief under 28 *U.S.C.* § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemins v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); *See also United States v. Cappas*, 29 F. 3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.) , *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error requires a showing of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an

3

egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

III. **Analysis and Discussion**

Petitioner raises a single issue in his § 2255 motion. He alleges ineffective assistance of counsel in that he was advised by counsel to plead guilty to bank robbery in violation to 18 *U.S.C.* § 2113(a) when he was in fact guilty only of a violation of 18 *U.S.C.* § 2113(b) (bank larceny). He argues that there was no proof of force and violence or intimidation, an essential element of an offense charged under 18 *U.S.C.* § 2113(a).

To sustain a conviction under 18 *U.S.C.* § 2113(a), the government must prove beyond a reasonable doubt that the defendant intentionally took money from another person, that the money was then in possession of a federally insured bank or credit union, and that the defendant took the money by force, violence, or intimidation. *United States v. Sullivan*, 431 F. 3d 976, 982 (6th Cir. 2005). The petitioner does not contest the existence of the first two of these elements.

The petitioner's claim plainly fails for two reasons. First, although couched in terms of ineffective assistance of counsel, the petitioner's claim is clearly one of insufficiency of the evidence, in that he alleges that the facts do not establish one of the essential elements of the offense. Such a challenge to the sufficiency of the evidence is not cognizable in this § 2255 proceeding. The United States Court of Appeals for the Sixth Circuit has repeatedly and consistently held that the "sufficiency of the evidence to support a conviction may not be collaterally reviewed on a § 2255 proceeding." *United States v. Osborn*, 415 F. 2d 1021, 1024 (6th Cir. 1969) (*en banc*), *cert. denied*, 396 U.S. 1015 (1970); *Mitchell v. United States*, 2007 WL 325762 (E.D. TN). A challenge to the sufficiency of the evidence by which a defendant is convicted is an issue which can only be raised by direct appeal. *See Stephan v. United States*, 496 F. 2d 527, 528-529 (6th Cir. 1974).

Second, even if a challenge to the sufficiency of the evidence could now be considered, Bradley's claim has no merit because petitioner expressly admitted under oath the elements of the offense at the time of the entry of his guilty plea as set forth in the agreed factual basis filed in support of the guilty plea

and set forth above. Intimidation under § 2113(a) is defined as "an act by a defendant reasonably calculated to put another in fear, or conduct and words calculated to create the impression that any resistance or defiance by the individual would be met by force." *United States v. Waldon*, 206 F. 3d 597, 606 (6th Cir. 2000). The determination of whether intimidation exists in a particular case is determined by an objective test and depends on "whether an ordinary person in the teller's position could reasonably infer a threat of bodily harm from the defendant's acts." *United States v. Gilmore*, 282 F. 3d 398, 402 (6th Cir. 2002). The court in *Gilmore* held that "[d]emands for money [presented to a teller] amount to intimidation because they carry with them an implicit threat: if the money is not produced, harm to the teller or other bank employee may result." *Id.* The display of a weapon, a threat to use a weapon, or even a verbal or nonverbal hint of a weapon is not a necessary ingredient of intimidation under § 2113(a). *United States v. Robinson*, 527 F. 2d 1170, 1172 (6th Cir. 1975).

In the agreed factual basis, Bradley clearly indicated that he made demands for money, and though indicating that he did not have a gun, did not indicate that he was not otherwise armed, and further demanded that the bank teller not sound the alarm. Clearly, Mr. Bradley made a demand for money which amounted to intimidation as in *Gilmore*. Whether or not he possessed a weapon or

6

intended to actually hurt anyone is irrelevant.

Lastly, Bradley's argument that he is guilty of only bank larceny under §2113(b) is similarly unavailing. Bank larceny under 18 *U.S.C.* § 2113(b) is not a lesser included offense of bank robbery as set forth in 18 *U.S.C.* § 2113(a) because § 2113(b) contains three elements not required by § 2113(a), namely 1) specific intent to steal; 2) asportation; and 3) valuation exceeding $1,000. *Carter v. United States*, 530 U.S. 255 (2000). A review of the cases on § 2113(b) reveals that this statute is not utilized in cases where individuals present demands to bank tellers. Instead, the bank larceny statute is applicable in cases where persons steal from a bank's automated teller machine. *Gilmore*, 282 F. 3d at 404.

Because Bradley has not shown – indeed, cannot show – that his counsel's performance was deficient in any way, he cannot prevail on his claim. The record clearly establishes that Bradley's counsel's performance was objectively reasonable and petitioner cannot meet either prong of the *Strickland* standard.

For the foregoing reasons, the petitioner's motion under § 2255 to vacate, set aside, or correct his sentence will be **DENIED**. Inasmuch as the petitioner has not alleged a substantial showing of the denial of a constitutional right and because reasonable jurists would not find the Court's assessment of the

constitutional claims debatable or wrong, the petitioner will be **DENIED** a certificate of appealability. Fed. R. App. 22(b).

A separate order will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE